**FILED**

**NOV 20 2019**

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEAN DUFORT BAPTICHON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-3043 (UNA) |
| ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. Plaintiff alleges that former President George H.W. Bush awarded him a Presidential Medal of Merit in 1991. Compl. ¶ 7. Plaintiff believes the medal to be an "instrument[] of deception used by the Defendant to induce false pride in the Plaintiff, boost the Plaintiff's ego in order to exact more financial contributions from [him] and to induce [his] whole hearted participation in the Defendant's so called campaigns for the Defendant's own benefits, and that in reality, the Plaintiff personally did not matter to the Defendant." *Id.* ¶ 10. Distressed by this realization, plaintiff alleges that he delved into the meaning of each symbol on the medal, *id.* ¶ 11, and wrote a book "to help shed some light on all other values pertaining to such [medal]," *id.* ¶ 12. Based on his own findings and assessment of the medal's value, *see id.*, Ex. B at 76-79, plaintiff demands an award of $20 billion, *id.* ¶ 16.

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may dismiss a complaint it deems frivolous, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), and such finding is appropriate when the facts alleged are irrational or

wholly incredible, *id.*, or if its legal arguments are frivolous, *cf. Anders v. State of California*, 386 U.S. 738, 744 (1967). Plaintiff acknowledges that there is no statutory basis for his claim, *see* Compl. ¶ 5, as the United States Court of Federal Claims informed him when it rejected his prior claims of entitlement to the monetary value of the medal:

> This Medal was established by the Act of July 20, 1942, ch. 508, 56 Stat. 662, *codified at* 10 U.S.C. § 1122. Furthermore, the procedures for awarding the Medal are contained in Executive Order No. 9857A, 3 C.F.R.1943–1948 Comp., p. 646 (May 27,1947). Neither the Act of July 20, 1942, nor Executive Order No. 9867A, nor any other statute or regulation establishes a source of law that mandates compensation.

*Baptichon v. United States*, 85 Fed. Cl. 754, 756 (Fed. Cl. 2009), *aff'd*, 342 F. App'x 617 (Fed. Cir. 2009) (per curiam); *see Baptichon v. United States*, No. 19-1241C, 2019 WL 4619935, at *7 (Fed. Cl. Sept. 23, 2019).

The Court will grant plaintiff's application to proceed *in forma pauperis*. Further, because the complaint's factual allegations are baseless and its legal theories are meritless, the Court will dismiss the complaint as frivolous. *See Neitzke*, 490 U.S. at 327 (noting judges' "authority to dismiss a claim based on an indisputably meritless legal theory [and its] unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"). An Order consistent with this Memorandum Opinion is issued separately.

DATE: November 15, 2019

TANYA S. CHUTKAN
United States District Judge